IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN YVONNE MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-2247-M |
| | § | |
| HOSPITALITY GROUP, LLC, | § | |
| PRESTONWOOD COUNTRY CLUB, and | § | |
| PRESTONWOOD CREEK, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Carolyn Yvonne Moreno's Motion to Remand and Request for Costs. For the reasons stated below, the Motion to Remand is **GRANTED**, and the Request for Costs is **DENIED**.

**BACKGROUND**

Carolyn Yvonne Moreno, an employee of Defendants at all relevant times, filed suit in the 191st District Court, Dallas County, Texas on September 1, 2004, alleging that Defendants' negligence resulted in injury to her. Defendants filed an unopposed Motion to Abate and Compel Arbitration, stating that Moreno had executed an arbitration agreement, as part of the Hospitality Group, LLC Employee Injury Benefit Plan ("Plan"), that applied to the negligence action.[1] The presiding judge granted the unopposed motion, and the parties proceeded to arbitration. An arbitrator awarded Moreno damages, and Defendants filed an appeal of the award pursuant to paragraph I.B.8 of the Plan, which provides for appeals of arbitration awards.

---

[1] The parties concur that the Plan is one governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Moreno then filed a Motion for a Temporary Restraining Order ("TRO Motion"), requesting that the state court enjoin Defendants from pursuing the appeal. Defendants then removed the case to this Court, and Moreno filed the instant Motion to Remand.

## ANALYSIS

Upon filing of a motion to remand a case removed to federal court, the party invoking federal jurisdiction bears the burden of establishing that its exercise is appropriate. *See* 28 U.S.C. § 1447(c); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981); *Metroplex Infusion Care v. Lone Star Container Corp.*, 855 F. Supp. 897, 899 (N.D. Tex. June 13, 1994) (Solis, J.). Here, federal question jurisdiction is the only type claimed to exist. Such jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the existence of federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). This is known as the well-pleaded complaint rule. "One corollary of the well-pleaded complaint rule . . . is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Gen. Motors Corp.*, 481 U.S. 58, 63–64 (1987). Additionally, a defendant may remove a suit not removable upon its initiation by filing a notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996).

In this case, Defendants contend that Moreno's Original Petition did not state a claim arising under federal law, but that her TRO Motion made the action removable. Moreno claims that Defendants waived their right to remove this action by filing the Motion to Abate and Compel Arbitration. Alternatively, Moreno disputes that the request for the TRO conferred federal jurisdiction.

### A. Waiver

Moreno contends that a "defendant who has a right to remove an action to federal court may waive that right by actions indicating that he has submitted to the jurisdiction of the state court." *McKinnon v. Doctor's Assocs., Inc.*, 769 F. Supp. 216, 217 (E.D. Mich. 1991). Specifically, she argues that Defendants waived their right to remove by filing the Motion to Abate and Compel Arbitration. Defendants distinguish *McKinnon* by arguing that this suit did not arise under federal law when first filed, and was thus not then removable.[2] Rather, Defendants claim that Moreno's TRO Motion conferred federal question jurisdiction on the action. The Court agrees that Moreno's suit—which stated claims for common law negligence—was not removable when filed. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 783–84 (5th Cir. 1994). Defendants could not have waived their right to removal by actions taken before federal jurisdiction existed.

### B. ERISA Preemption

The central issue for this Court to decide is whether Moreno's TRO Motion raises an issue of federal law, thus providing this Court with jurisdiction. Moreno's TRO Motion asserts

---

[2] In an unrelated portion of her briefing, Moreno concedes that her claim was not removable when first filed. Pl.'s Br. at 5 ("Plaintiff's claim for common law negligence upon which Defendants invoked the arbitration provision does not invoke federal jurisdiction.").

that the appeal provision—contained in the arbitration portion of the Plan[3]—is invalid as well as procedurally and substantively unconscionable.[4] But for the fact that Moreno's TRO Motion implicates an employee benefit plan governed by ERISA, the Court would, without significant discussion, conclude that it raises no federal question, as the validity of arbitration provisions is governed by state law. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). Defendants argue, however, that ERISA completely preempts Moreno's state law claim, thus converting it into one of federal character, properly before this Court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67 (1987). Thus, this Court is "necessarily compelled to enter the preemption thicket" to determine whether an attack on the validity of the appeal provision of the arbitration portion of an ERISA plan is completely preempted by ERISA. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir. 1990).

There are two forms of ERISA preemption. "Conflict preemption" arises when a litigant asserts a state law claim that is precluded by ERISA's preemption clause, 29 U.S.C. § 1144, but

---

[3] Moreno claims that the arbitration agreement, and thus its appeal provision, is contained in a document separate from the Plan. The Court fails to comprehend the basis for this argument. Defendants' notice of appeal of the arbitrator's award specifically references paragraph I.B.8 of the Plan as providing jurisdiction. A review of that paragraph—entitled Appeal Procedures—confirms that the appeal provision appears in the Plan. The Court finds it irrelevant that another document—the Election and Arbitration Agreement—appears to restate some of the arbitration provisions of the Plan. Further, the appeal provision of the Plan does not appear to be restated in the Election and Arbitration Agreement.

[4] The TRO Motion states as follows in regard to the appeal provision:
> The appeal provision is wholly contained in a separate document which Plaintiff was not provided and for the appeal, the appellant must pay the costs and the arbitration panel increases from one arbitrator on the original arbitration to three arbitrators. Thus the appeal provision is prohibitively expensive and insures that only the employer, which is wholly owned by Henry S. Miller real estate company, will be economically able to file an appeal. The arbitration agreement is an adhesion contract and states that the arbitration is "mutually binding" and as part of the consideration for the agreement states that the employee is "gaining the benefits of a speedy, impartial, mutually-binding procedure for resolving disputes." Yet the appeal process allows for the arbitration to continue into perpetuity. Thus, the appeal process unfairly prejudices the employee which is the Plaintiff in this case.

Pl.'s App. at 33.

that is not independently actionable as a federal claim under ERISA's civil enforcement provisions, 29 U.S.C. § 1132. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). "Complete preemption" arises when a state law claim is precluded by ERISA's preemption clause and is actionable as a federal claim under ERISA. *Id.* at 336–37. Completely preempted claims arise under federal law for jurisdictional purposes, whereas conflict preempted claims do not. *Id.*; *see also Garcia v. SSP Partners*, No. C-06-385, 2006 WL 2850066, at *2–5 (W.D. Tex. Oct. 3, 2006). Defendants, bearing the burden of establishing that federal jurisdiction is proper, assert that Moreno's claim is completely preempted. Moreno challenges the assertion, claiming that ERISA's preemption clause does not preclude her claim *and* that her state law claim is not independently actionable as a federal claim under ERISA's enforcement provisions. She may prevail on her Motion to Remand under either theory, although the Court only finds it necessary to examine the first contention.

      ERISA's preemption clause provides, with limited exceptions, that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144 (emphasis added). The Supreme Court has interpreted the preemption clause generously: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983). This "purely semantic approach cannot be taken to its logical extreme, however." *Memorial*, 904 F.2d at 244. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n.21. Accordingly, "the preemption clause of ERISA must be read in context with the Act as a whole, and with Congress's goal in creating

an exclusive federal enclave for the regulation of benefit plans." *Memorial*, 904 F.2d at 244.  To accommodate these considerations, the Fifth Circuit has suggested that cases finding complete preemption of state law causes of action share "two unifying characteristics":

> (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Id.* at 245.  The first of the *Memorial* factors, Congressional intent, is the "'ultimate touchstone' in a preemption analysis." *Id.*  Congress designed ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans," and "to protect contractually defined benefits." *Id.* (quoting *Shaw*, 463 U.S. at 90, and *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)) (internal quotation marks omitted).  The second *Memorial* factor focuses on "whether the state law affects relations among ERISA's named entities." *Id.* at 249.  Thus, this Court must determine whether Moreno's state law claim implicates the goals of ERISA or the relationship among ERISA's named entities.  In claiming it does, Defendants argue that Moreno's challenge to the validity of the appeal provision of the arbitration agreement of the Plan is, in effect, a claim under 29 U.S.C. § 1132(a).  The Court disagrees.

"ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan." *Hook*, 38 F.3d at 784.  Thus, although Moreno challenges the validity of a provision of an ERISA plan, her state law claim does not "relate to" that plan.  Rather, her state law claim relates to the appeal taken from an arbitration of a state law negligence suit that does not—as the Court and the parties agree—relate to ERISA or its civil enforcement provisions. *See id.* at 783–84.  In this respect, Defendants' claim of preemption mimics a claim rejected by

the Fifth Circuit in *Hook*. The court held that "a common law negligence claim which alleges only that an employer failed to maintain a safe workplace does not 'relate to' an ERISA plan merely because the employer has inserted a waiver of the right to bring such a claim into its ERISA plan." *Id.* at 786. Here, the original suit, the subsequent arbitration, and the ultimate challenge to the validity of the appeal provision did not implicate or relate to Moreno's entitlement to benefits under the Plan or to the administration of the Plan. It is only the Plan's general arbitration provisions that are indirectly implicated by Moreno's state law claim. In *Hook*, the Fifth Circuit criticized this mode of interpreting ERISA preemption as turning the "analysis on its head." *Id.* at 785. The question is not whether the Plan relates to Moreno's claim because it is indirectly affected by the arbitration provision: it is "whether the state law [claim] relates to an ERISA plan." *Id.* ("a law or claim is preempted when *it* relates to an ERISA plan, and not the reverse"). Additionally, Moreno brought her original suit, and became a party to the arbitration, in her capacity as an employee of Defendants, not as a "participant, beneficiary, or fiduciary" of the Plan. *See* 29 U.S.C. § 1132(a)(1), (3).

The Court therefore concludes that Moreno's claim—that the appeal provision of the arbitration language in the Plan is invalid—does not "relate to" the Plan. Accordingly, this Court does not have subject matter jurisdiction over this action. *See Garcia*, 2006 WL 2850066, at *5 n.6 (finding a suit challenging the enforceability of an arbitration agreement not completely preempted by ERISA). To hold otherwise would empower Defendants, as employers, to expand the preemptive scope of ERISA through careful crafting of the Plan. *Hook*, 38 F.3d at 785–86. This concern of imprudently vesting employers with such authority, as expressed in *Hook*, applies here, where Defendants assert that a suit that was concededly unrelated to ERISA upon

its initiation is now related to ERISA because it implicates a general arbitration provision that happens to appear in an ERISA plan. Consideration of the "touchstone" of preemption analysis—Congressional intent—confirms the Court's conclusion. The Court cannot accept the implicit suggestion of Defendants that Congress, in constructing an elaborate scheme for the protection of employee benefits, intended to displace a state law contract claim challenging the validity of an arbitration provision of general application merely because it is contained in an ERISA plan.

*C. Costs*

Moreno requests that the Court award her the costs and expenses incurred responding to Defendants' Notice of Removal, which she claims was wrongfully filed in bad faith. The Court **DECLINES** to do so. The timing of Defendants' filing—which occurred within twenty-four hours of Moreno's application for a temporary restraining order—does not suggest bad faith, and although the Court ultimately agrees with Moreno regarding the merits of her Motion, Defendants' position was not frivolous or unjustified, particularly considering that there is no controlling authority on point in this circuit.

## CONCLUSION

Federal jurisdiction in this removed action is improper as Moreno's state law claim is not completely preempted by ERISA. Accordingly, this suit is **REMANDED** to the 191st District Court, Dallas County, Texas, and this Court's previous ruling of December 27, 2006, which denied Moreno's Motion for a Temporary Restraining Order, is **VACATED** for want of jurisdiction. Moreno's request for costs is **DENIED**.

**SO ORDERED**.

February 20, 2007.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**